IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO, # 02614-029, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-571-JPG |
| | ) |
| UNITED STATES of AMERICA, | ) |
| DR. SZOKE, WINCLEMEYER, | ) |
| BAGWELL, CASTILLO, | ) |
| and CULLERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at USP-Marion ("Marion"), has brought this *pro se* action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq*. He also asserts a civil rights claim for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Specifically, Plaintiff states that on July 11, 2012, he slipped and fell on a wet floor, which had not been marked with any warning signs after it was mopped (Doc. 1, p. 6). The area where Plaintiff fell was a ramp with a 20-25% grade, which contributed to his painful back injury.

Plaintiff sought emergency medical attention later on the day of his injury, and again requested help over the next few weeks. He was seen by Defendants Castillo and Bagwell (physician's assistants), and by Defendant Dr. Szoke, but states that none of these practitioners examined him. Further, although Plaintiff continued to request treatment at sick call (operated by Defendant Cullers, a nurse), and by speaking directly to Defendant Winclemeyer (medical

administrator) none was given nor was he administered any medical tests. Consequently, he has endured severe pain over the past year following his injury due to the medical Defendants' deliberate indifference. Plaintiff's tort claim was denied on January 16, 2013 (Doc. 6, p. 6). Only recently have these Defendants recognized that he was in fact injured in the fall, and they have begun treatment and testing to address his needs (Doc. 6., pp. 2-5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Federal Tort Claim against the United States **(Count 1)**. In addition, the complaint states an Eighth Amendment claim for deliberate indifference to medical needs for the delay in treating Plaintiff's injuries, against Defendants Szoke, Winclemeyer, Bagwell, Castillo, and Cullers **(Count 2)**. Both claims shall receive further review.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SZOKE, WINCLEMEYER, BAGWELL, CASTILLO,** and **CULLERS**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **SZOKE, WINCLEMEYER, BAGWELL, CASTILLO,** and **CULLERS** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All

costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In order to effect service on Defendant **UNITED STATES OF AMERICA,** the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 10, 2013**

                                                        s/ J. PHIL GILBERT
                                                        United States District Judge