IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. **3:13-cv-00571-JPG-PMF** |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Anthony Castro's (Doc. 39) motion for a preliminary injunction. Castro is presently incarcerated at U.S. Penitentiary Marion ("Marion"), a prison under the authority of the U.S. Bureau of Prisons ("BOP"). Motion hearings were held on the (Doc. 39) motion for a preliminary injunction on October 18 and November 1, 2013. Castro attended the hearing by video-conference and testified on both occasions. For the following reasons, it is recommended that Castro's (Doc. 39) motion for a preliminary injunction be denied.

On July 10, 2013, the Court screened Castro's complaint pursuant to its authority in 28 U.S.C. § 1915A. It summarized the relevant allegations of the (Doc. 1) complaint as follows:

> … Plaintiff states that on July 11, 2012, he slipped and fell on a wet floor, which had not been marked with any warning signs after it was mopped (Doc. 1, p. 6). The area where Plaintiff fell was a ramp with a 20-25% grade, which contributed to his painful back injury.
>
> Plaintiff sought emergency medical attention later on the day of his injury, and again requested help over the next few weeks. He was seen by Defendants Castillo and Bagwell (physician's assistants), and by Defendant Dr. Szoke, but states that none of these practitioners examined him. Further, although Plaintiff continued to request treatment at sick call (operated by Defendant Cullers, a nurse), and by speaking directly to Defendant Winclemeyer (medical Case administrator) none was given nor was he administered any medical tests. Consequently, he has endured severe pain over the past year following his injury due to the medical Defendants' deliberate indifference. Plaintiff's tort claim was

1

> denied on January 16, 2013 (Doc. 6, p. 6). Only recently have these Defendants recognized that he was in fact injured in the fall, and they have begun treatment and testing to address his needs (Doc. 6., pp. 2-5).

Doc. 11 at 1-2. The Court found that Castro stated a Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq*., in Count 1 "against the United States" and a deliberate indifference (cruel and unusual punishment clause of the Eighth Amendment to U.S. Constitution) claim in Count 2 "against Defendants Szoke, Winclemeyer, Bagwell, Castillo, and Cullers." *Id*. at 2.

Castro filed the instant *pro se* amended motion for a preliminary injunction (Doc. 39) on August 20, 2013. In part one the (Doc. 39) motion, Castro requested that the Court order Defendants Szoke, Winclemeyer, Bagwell, Castillo, and Cullers ("Defendants") to provide him with "proper medical care," which he characterized as 1) an magnetic resonance imaging ("MRI") test and 2) stronger pain medication on a daily basis. *See* Doc. 39 at 1. Part two of the (Doc. 39) motion requests that the Court order the Defendants "to cease any and all acts of retaliation immediately." *Id*. In part three of the (Doc. 39), Castro asked the Court to order USP Marion and BOP to "refrain from transporting [him] anywhere until these proceedings are resolved." *Id*. Finally, part four requests that the Court "allow him to keep a set of crutches for long treks and cane for short distances." *Id*.

Castro further elaborated on his request for preliminary injunction at the October 18 and November 1 motion hearings. He testified that prison officials at USP Marion have acknowledged that he has a painful back condition. He stated that he had been waiting for months for a consult with an outside specialist, and he believed prison officials at USP Marion were intentionally delaying this treatment. He went on to state the purpose of filing this case and the motion for injunctive relief was to expedite the consult with an outside specialist. Castro testified that he would be satisfied if the consult with the outside specialist was ordered.

Counsel for the Defendants acknowledged on October 18 that such a consult was approved, but the appointment still in the process of being scheduled. The Court ordered the Defendants to report within 7 days regarding the timing for Plaintiffs medical appointment. *See* Doc. 64. Counsel was appointed for Castro on the same day. *See* Docs. 63, 66-67. On October 24, the Defendants submitted for *in camera* review (due to confidentiality and security concerns) a document confirming that medical care from an outside medical specialist had been requested and approved regarding Plaintiff's complained-of conditions. *See* Doc. 68. At the November 1 motion hearing, the Court ordered that that the consult with an outside specialist to occur within the next 30 days. *See* Doc. 72. Counsel for the Defendants confirmed that the consult was scheduled within the next 30 days.

Because it appears that Castro will soon receive the medical care he is seeking in part one of his (Doc. 39) motion for a preliminary injunction, that part of the motion should be denied as moot. Part two of the (Doc. 39) motion (cease retaliation) should be denied because there is no claim for unlawful retaliation in this case. Part three (no transfer) should be denied because it involves a matter appropriately within the administrative discretion of the BOP. Part four (crutches and/or cane) would be more appropriately addressed sometime after the consult with an outside specialist. Perhaps the consult will shed more light on whether such assistance is appropriate. Castro may re-file a motion for preliminary injunction at a later date if it becomes apparent that prison officials are deliberately disregarding a serious risk to his health.

For the forgoing reasons, it is recommended that Castro's (Doc. 39) motion for a preliminary injunction be denied.

**SO RECOMMENDED.**

DATED: November 5, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE