IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DR. SZOKE, WINCLEMEYER, BAGWELL, CASTILLO, CULLERS and MANDIE BAGWELL,<br><br>      Defendants. | Case No. 13-cv-571-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 81) of Magistrate Judge Philip M. Frazier wherein he recommends this Court deny defendants' motion to dismiss (Doc. 55). Defendants filed an objection only to the portion of the R & R recommending the Court deny the motion to dismiss with respect to defendant Bagwell. For the following reasons, the Court (1) adopts in part and rejects in part the R & R, and (2) grants in part and denies in part the motion to dismiss.

    1.  R & R Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court received no objection to the portion of the R & R recommending the Court deny the motion to dismiss as moot to the extent it seeks to dismiss the individual defendants from Count One and

the USA from Count Two. As such, after a review of the file for clear error, the Court adopts that portion of the R & R and denies the motion to dismiss as moot to the extent it seeks to dismiss the individual defendants from Count One and the USA from Count Two. The Court, however, received an objection to the portion of the R & R recommending the Court deny the motion to dismiss to the extent it asks the Court to dismiss Bagwell from this case because she is immune from suit. The Court will turn to consider Bagwell's objection.

2. Background

In its referral order, the Court found that Castro stated a Federal Tort Claims Act ("FTCA") claim against the United States and a *Bivens* claim against defendants Szoke, Winclemeyer, Bagwell, Castillo, and Cullers. The Court will recount the facts only as they relate to Bagwell. Bagwell is a physician's assistant employed by the Federal Bureau of Prisons. Castro alleges Bagwell was deliberately indifferent to his need for medical care after he slipped and fell on a wet floor at USP Marion. Specifically, Castro alleges Bagwell, among other medical professionals, did not recognize and treat his injuries. In her motion to dismiss, Bagwell argues she must be dismissed because the Public Health Service Act precludes *Bivens* actions against individual United States Public Health Service ("PHS") officers or employees for harms arising out of the performance of medical or related functions within the scope of their employment. 42 U.S.C. § 233(a). In support, Bagwell provides the declaration of CAPT George Durgin of the Bureau of Prisons attesting that Bagwell is an active duty commissioned officer of the United States Public Health Service.

The R & R recommends denying Bagwell's request for dismissal. First, Judge Frazier noted the Court would have to convert the motion to dismiss to a motion for summary judgment to consider Durgin's affidavit. Judge Frazier concluded that the motion would still have to be

2

denied, however, because there was no evidence before the Court that Bagwell was acting within the scope of her duties.

      3. Analysis

Bagwell's motion fails to state under which rule of civil procedure it is brought. The Court, however, presumes it is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) allows the Court to dismiss claims over which it lacks subject matter jurisdiction. Under Rule 12(b)(1), the Court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp,* 182 F.3d 548, 554 (7th Cir. 1999). A Rule 12(b)(1) motion differs from a Rule 12(b)(6) motion in that the Court may consider evidence submitted outside of the complaint to determine whether jurisdiction exists.

      Title 42 U.S.C. § 233(a) provides

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

The Supreme Court explained "that the immunity provided by §233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Hui Castaneda*, 559 U.S. 799, 812 (2010).

Here, Bagwell has sufficiently established through Durgin's affidavit that she was a PHS employee at the time of the alleged incident. The only allegations relative to Bagwell were that Bagwell saw Castro at a sick call sometime after the fall and that after the denial of his claim at

3

the institutional level Bagwell recognized Castro's claims and treated him. Construing these allegations in the light most favorable to Castro, he has failed to allege any facts that would allow this Court to conclude that Bagwell was acting outside the scope of her duties at the time of the incident. Rather, the allegations indicate she was acting within the scope of her duty. As such, the Court grants this portion of Bagwell's motion and dismisses Bagwell without prejudice.

4. Conclusion

Accordingly, the Court **ADOPTS in part and REJECTS in part** the R & R (Doc. 81) and **GRANTS in part and DENIES as moot** in part defendants' motion to dismiss (Doc. 55). Specifically, the Court adopts the R & R and denies as moot defendants' motion to dismiss to the extent the (1) individual defendants seek to be dismissed from the FTCA claim in Count One and (2) USA seeks to be dismissed from the *Bivens* claim in Count Two. The Court rejects the R & R and grants defendants' motion to dismiss to the extent it seeks to dismiss Bagwell from the *Bivens* claim in Count Two. The Court further **DISMISSES** Bagwell from this claim without prejudice and **DIRECTS** the Clerk to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED:** March 19, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
