IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANYTHONY CASTRO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:13-cv-00571-JPG-PMF |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **DR. SZOKE, WINCLEMEYER,** | ) |
| **BAGWELL, CASTILLO and** | ) |
| **CULLERS,** | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATIONS**

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' Motion for Partial Summary Judgment Regarding Failure to Exhaust Administrative Remedies and Lack of Certificate of Merit (Doc. 95). The plaintiff filed a response in opposition (Doc. 101) and the defendants filed a reply to the response (Doc. 102). A *Pavey* evidentiary hearing was held on April 7, 2015 with the plaintiff in attendance by videoconference. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For the following reasons, it is recommended that the defendants' motion for summary judgment be GRANTED.

## I.   BACKGROUND

Plaintiff Anthony Castro is an inmate at the Federal Correction Institution Otisville ("FCI Otisville"), in Otisville, New York. Prior to being incarcerated at Otisville, Castro was located at the United States Penitentiary Marion ("USP Marion"), in Marion, Illinois. According to the plaintiff's complaint, on July 11, 2012 Castro was injured at USP Marion when he slipped and fell on a wet floor. Castro asserts that he was walking on a 20-25% grade ramp at the time and there were no "wet floor" signs posted. Following the incident, Castro claims that various

1

medical staff members at USP Marion were deliberately indifferent to his medical needs in violation of the Eighth Amendment. On June 17, 2013 Castro filed suit. Judge Gilbert conducted a merits review pursuant to 28 U.S.C. § 1915A and held that Castro articulated the following colorable claims:

> **Count 1:** Federal Tort Claims Act negligence claim against the United States;
>
> **Count 2:** Eighth Amendment deliberate indifference to medical needs *Bivens* claim against Defendants Dr. Szoke, Winclemeyer, Castillo, and Cullers.[1]

Defendants now seek summary judgment for Count 2 on the basis that Castro failed to exhaust administrative remedies. There was also some uncertainty as to whether Castro was pursuing a medical malpractice claim under Count 1. Defendants do not dispute that Castro exhausted his administrative remedies for a FTCA slip and fall negligence claim, but the defendants do argue that if Castro is pursuing a FTCA medical malpractice claim under Count 1 it should be dismissed for failure to exhaust administrative remedies and because Castro failed to file a certificate of merit.[2] In Castro's response to the defendants' motion for summary judgment, Castro states that he is not pursuing a FTCA medical malpractice claim. Thus, the single issue before the court is whether Castro exhausted administrative remedies for Count 2.

## II.   ANALYSIS

Pursuant to the Prison Litigation Reform Act ("PLRA"), if an inmate would like to file a lawsuit regarding prison conditions in federal court, the inmate must first exhaust all available administrative remedies. See 42 U.S.C. § 1997e(a); see also *Pavey v. Conley*, 544 F.3d 739, 740

---

[1] Defendant Bagwell was dismissed from this case in Judge Gilbert's March 19, 2014 Memorandum and Order (Doc. 87).
[2] Under Illinois law, a plaintiff in a medical malpractice action must file a physician's certificate of merit stating that "there is a reasonable and meritorious cause for the filing of such action." 735 Ill. Comp. Stat. 5/2–622.

(7th Cir. 2008); The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. See *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006). The exhaustion requirement affords "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Some complaints may be addressed to the prisoner's satisfaction, thereby eliminating the need to file suit. *Id*. If a lawsuit is filed, the record produced from the administrative process may be helpful over the course of the litigation. *Id*. However, if prison officials obstruct the administrative remedies process the administrative remedies will be deemed "unavailable*.*" *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir.2005).

There are separate exhaustion requirements for FTCA claims and *Bivens* claims. To pursue a claim under the FTCA, the plaintiff must follow the procedure set forth under the Federal Tort Claims Act statutes and regulations. 28 U.S.C. §§ 1346(b), 2401, 2671–2680; 28 C.F.R. §§ 14.1-14.11.  For federal prisoners pursuing a *Bivens* claim, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the inmate must exhaust the administrative remedies set forth in the Bureau of Prisons' ("BOP") Administrative Remedy Program. 28 C.F.R. §§ 542.10–542.19. Generally, in order to exhaust administrative remedies under the BOP Administrative Remedy Program, prisoners must utilize the following four step process.

Step 1: The inmate must first attempt to resolve the issue informally. 28 C.F.R. § 542.13.

Step 2: If the inmate is unable to resolve the issue informally, the inmate must submit a formal "Administrative Remedy Request" written on the "BP-9" form. 28 C.F.R. § 542.14. The form must be submitted within twenty calendar days following the date on which the basis of the

complaint occurred. 28 C.F.R. § 542.14. The Administrative Remedy Request is to be responded by the warden of the institution where the inmate is located. 28 C.F.R. § 542.14.

Step 3: If the inmate is dissatisfied with the Warden's response to the Administrative Remedy Request, the inmate may appeal the Warden's decision to the appropriate Regional Director. 28 C.F.R. § 542.15. An appeal to the Regional Director must be written on the "BP-10" form and it must be submitted within twenty calendar days following the date the Warden signed the response. 28 C.F.R. § 542.15.

Step 4: If the inmate is dissatisfied with the Regional Director's response to the appeal, the inmate may appeal once more to the BOP General Counsel. 28 C.F.R. § 542.15. An appeal to the General Counsel must be written on the "BP-11" form and it must be submitted within thirty calendar days following the date the Regional Director signed the response. 28 C.F.R. § 542.15. An appeal to the BOP General Counsel is the final step in the BOP administrative review process. The inmate will be deemed to have exhausted his administrative remedies when he receives a response from the BOP General Counsel or if the General Counsel fails to respond within the allotted time.

BOP regulations require that BOP employees respond to inmate Administrative Remedy Requests and Appeals within a specific amount of time. 28 C.F.R. § 542.18. A warden must respond to an Administrative Remedy Request within twenty calendar days, a Regional Director must respond to an appeal within thirty calendar days, and the General Counsel must respond to an appeal within forty calendar days. 28 C.F.R. § 542.18. BOP staff may extend those deadlines, but they must notify the inmate of the extension in writing. 28 C.F.R. § 542.18. If the appropriate BOP employee fails to respond within the time allotted, the inmate "may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

The defendants argue that Castro filed this suit prior to completing step four of the exhaustion process. BOP records indicate that Castro submitted an appeal regarding his medical care to the BOP General Counsel on June 3, 2013. Without receiving a response from the BOP General Counsel, Castro then filed his complaint two weeks later on June 17. Pursuant to BOP regulations, Castro was obligated to wait 40 days prior to filing suit. This lawsuit was filed prior to the exhaustion of administrative remedies for Count 2.

Castro asserted in his response to the defendants' motion for summary judgment that the BOP grievance computer records were not admissible evidence, that any failure to exhaust was caused by BOP misconduct and that dismissing the claim for failure to exhaust would waste judicial resources. At the *Pavey* hearing Castro stated he experienced some difficulties in obtaining the prison grievance forms and that the BOP responses to his Administrative Remedy Requests and appeals were often incomplete. But Castro did admit that he filed this lawsuit prior to completing step four of the administrative remedies process. However, Castro argued that his premature filing was necessary because of statute of limitations concerns. Castro's FTCA claim and his *Bivens* claim have separate exhaustion requirements and statutes of limitations. FTCA lawsuits must be filed within six months after the appropriate federal agency sends notice that the claim was denied. 28 U.S.C. § 2401(b). Castro's FTCA claim was denied on January 16, 2013. Thus he was required to file his FTCA claim in the United States District Courts in June, 2013. For *Bivens* claims arising out of events that occurred in Illinois, the statute of limitations is two years.[3] Castro slipped and fell on July 11, 2012, and the alleged Eighth Amendment deliberate indifference occurred shortly thereafter. Castro therefore had plenty of time to file his

---

[3] The statute of limitations for *Bivens* claims is the same as for claims filed under 42 U.S.C. § 1983, which is the state law statute of limitations for personal injury actions. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). In Illinois, the statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202. The events that give rise to this litigation occurred in Illinois and thus the statute of limitations for Castro's Eighth Amendment claim is two years.

Eighth Amendment Claim. But out of concern that the deadline to file his FTCA claim was about to lapse, Castro decided to file his FTCA claim and his Eighth Amendment deliberate indifference claim in the same suit, despite the fact that Castro had not yet exhausted administrative remedies for the Eight Amendment claim.

Here, Castro should have waited to file his Eighth Amendment claim until he exhausted administrative remedies. After he exhausted his administrative remedies (which would have been, at most, a few months after he filed his complaint), Castro could have sought to add the Eighth Amendment Claim to his FTCA claim by filing an amended complaint. Or, Castro could have filed the Eighth Amendment claim in a separate lawsuit. Castro did neither. The defendants' motion for summary judgment should therefore be granted.

### III.  RECOMMENDATIONS

It is RECOMMENDED that **Count 2** of the plaintiff's complaint be dismissed without prejudice because the plaintiff failed to exhaust administrative remedies prior to filing suit and the plaintiff should be allowed to proceed solely on **Count 1**.

SO RECOMMENDED.

DATED:   April 7, 2015  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**