IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00571-JPG-PMF |
| ) | |
| USA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 121) of Magistrate Judge Philip M. Frazier with regard to Defendants Motion for Partial Summary Judgment Regarding Failure to Exhaust Administrative Remedies and Lack of Certificate of Merit (Doc. 95). Plaintiff filed an objection (Doc. 123) to the R & R and the Defendants filed a Response (Doc. 125) to Plaintiff's objection.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As objections have been filed, the Court will review those portions of the R & R *de novo*.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels*

1

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

This matter arises out of an incident which occurred on July 11, 2012, when Plaintiff slipped and fell on a wet floor and injured his back.  The merits review pursuant to 28 U.S.C. § 1915A (Doc. 11) held that the Plaintiff articulated a Federal Tort Claim (Count 1) and an Eight Amendment claim for deliberate indifference to medical needs for the delay in treating Plaintiff's injuries (Count 2).  Defendants have moved for partial summary judgment on the basis that the Plaintiff failed to exhaust administrative remedies with regard to Count 2 of Plaintiff's Complaint.[1]

As noted in the R & R, the Prison Litigation Reform Act ("PLRA"), requires that if an inmate would like to file a lawsuit regarding prison conditions in federal court, the inmate must first exhaust all available administrative remedies. See 42 U.S.C. § 1997e(a); see also *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) and the Seventh Circuit has taken a strict compliance approach to exhaustion.  See *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

In this matter, Plaintiff acknowledged at the *Pavey* hearing that he failed to exhaust his administrative remedies with regard to Count 2 prior to filing this suit and did so over concerns of the statutes of limitation in his FTCA suit.  He further states in his objection that, "premature filing is allowed because of the statute of limitations for Section 1983 claims because of a 'Catch 22" that arises."  He cites to *Johnson v. Revera*, 272 F. 3d 519 (7th Cir. 2001) which stated that, "The "catch 22" in this case is self-evident: the prisoner who files suit under § 1983 prior to

---

[1] As noted in the R&R, Defendants' Motion for Partial Summary Judgment addressed whether the Plaintiff was pursuing a FTCA medical malpractice claim under Count 1 and Plaintiff responded that he was not, so the single issue is whether Plaintiff exhausted administrative remedies with regard to Count 2.

exhausting administrative remedies risks dismissal based upon § 1997e; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon untimeliness." *Id* at 22. However, the Court notes that the remainder of that paragraph states, "We thus hold that in the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process." *Id.*

Plaintiff was injured on July 11, 2012 and this matter was filed on June 17, 2013 – less than one year after the date of injury. The "Catch 22" referred to in the *Johnson* matter is inapplicable to this case as the Plaintiff was not nearing the statute of limitation on his claim.

Plaintiff also argues that he should have been allowed to amend his complaint and that doing so would have been the most efficient use of judicial resources. New claims may be added in an amended complaint even if not exhausted when the original complaint was filed, as long as they are exhausted before added to the pleadings. *Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005). In this matter, Plaintiff is not attempting to bring a new claim in which exhaustion was completed while the original complaint was pending; he is attempting to cure his failure to exhaust prior to filing the initial suit.

Based on the above, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 121) and **GRANTS** in part that portion of Defendants' Motion for Partial Summary Judgment Regarding Failure to Exhaust Administrative Remedies (Doc. 95). That portion of Defendants' Motion for Lack of Certificate of Merit is **DENIED** as moot. **Count 2** of Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** 7/29/2015           *s/J. Phil Gilbert*
                               **J. PHIL GILBERT**
                               **DISTRICT JUDGE**